# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Civ. No. 17-cv-1489 (KBJ) |
| THE NEW LEDROIT PARK BUILDING COMPANY, LLC, *et al.*, ) ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

Under Federal Rule of Civil Procedure 8, every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). This Court has reviewed the complaint in the above captioned matter, which alleges that this Court has diversity jurisdiction, and finds that it is deficient because it fails to plead properly the statutory diversity requirements. *See* 28 U.S.C. § 1332(a)(1); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) ("[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action.").[1]

Specifically, one of the defendants in this matter—The New Ledroit Park Building Company, LLC—is a limited liability company, and plaintiff has failed to plead the citizenship of each of its members. *See Johnson-Brown v. 2200 M St. LLC*,

---

[1] The complaint also asserts that, "[p]ursuant to [the Declaratory Judgment Act,] 28 U.S.C. § 2201, this Court has jurisdiction to consider and decide declaratory judgment actions involving an actual, justiciable controversy in order to declare and resolve actual, existing disputes among the parties." (Compl. ¶ 2.) However, "the Declaratory Judgments Act is not an independent source of federal jurisdiction[.]" *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

257 F. Supp. 2d 175, 178 (D.D.C. 2003) (limited liability companies are "analogized to partnerships, which carry the citizenship of their members"). Although the complaint alleges that "Defendants Jordan and Marie Knowles are members of The New Ledroit Park Building Company, LLC, and both reside in the District of Columbia" (Compl. ¶ 5), the complaint does not state whether those two individuals are the *only* members. The complaint cannot be properly assessed for diversity without this information. *See* Hon. William W. Schwarzer, *et al.*, Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 2C-3 ("Limited liability companies are treated the same as partnerships for diversity jurisdiction purposes, and therefore courts look to the citizenship of each member of the company" in assessing whether diversity jurisdiction exists. (citations omitted)).

Furthermore, the complaint fails to plausibly allege that the amount in controversy in this case exceeds $75,000. Specifically, the parties' desired hourly rates for Mr. Menhart's services appear to diverge by $350 per hour (*see* Compl. ¶¶ 12–13, 15), and the complaint contains no allegations regarding the number of hours that Mr. Menhart is likely to work from which the Court could draw a plausible inference that more than $75,000 is in dispute.

Accordingly, it is hereby

**ORDERED** that Harford Mutual Insurance Company **SHOW CAUSE** by **August 18, 2017**, why this Court should not dismiss this case for lack of subject matter jurisdiction. If this action is to remain before this Court, any response to this Order to Show Cause must be accompanied by an amended complaint properly pleading the citizenship of all parties and alleging facts that support an inference that the amount-in-

controversy requirement is satisfied.  Failure to respond to this Order to Show Cause and to correct any deficiencies in the complaint may lead to dismissal of the complaint *sua sponte*.  *See* Fed. R. Civ. P. 12(h)(3).

Date:  July 28, 2017                         *Ketanji Brown Jackson*
                                                       KETANJI BROWN JACKSON
                                                       United States District Judge