**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY, *Plaintiff*, v. THE NEW LEDROIT PARK BUILDING COMPANY, LLC *et al.*, *Defendants*. | Civil Action No. 17-1489 (TJK) |

## MEMORANDUM OPINION AND ORDER

In this declaratory-judgment action, a liability insurer (Plaintiff Harford Mutual Insurance Company, or "Harford") brings suit against its insured, a construction company and its owners (the Defendants). This Opinion addresses three outstanding issues. First, the Court has raised *sua sponte* the issue of whether it has jurisdiction over this action under Article III of the U.S. Constitution and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Second, Harford has moved to strike Defendants' Second Amended Answer and Counterclaim. *See* ECF No. 28. Third, Harford has moved to dismiss Defendants' first amended counterclaim, which seeks attorney's fees, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 25.

For the reasons set forth below, the Court will dismiss Harford's Amended Complaint for lack of subject matter jurisdiction. Harford may seek to remedy the deficiencies identified in this Opinion by filing a second amended complaint on or before May 28, 2018. The pending motions for summary judgment (ECF Nos. 15 and 17) will be denied as moot, although the parties may file renewed motions if Harford files a second amended complaint over which this Court has jurisdiction. The Court will also grant both Harford's motion to strike and its motion to dismiss.

## I. Factual and Procedural Background

### A. Harford's Claim for Declaratory Judgment

This case is a dispute over attorney's fees. Defendants face two lawsuits filed in the Superior Court of the District of Columbia by customers who allege that Defendants improperly performed certain construction work. *See* ECF No. 4 ("Am. Compl.") ¶¶ 6-8, 18. Harford concedes that, as Defendants' liability insurer, it has a duty to defend them in the Superior Court lawsuits, even though it is doing so under a reservation of rights. *Id.* ¶¶ 10-11. It disagrees with Defendants, however, on how much it should have to pay. Defendants assert that their chosen counsel in the Superior Court lawsuits has reasonably charged fees as high as $625 per hour. *Id.* ¶ 15. Harford claims that those fees are unreasonably high, and has agreed to pay only a "blended rate" of $275 per hour. *Id.* ¶ 13.

In this declaratory-judgment action, Harford asks the Court to determine what a reasonable attorney's fee would be to defend against the two Superior Court lawsuits. *Id.* ¶ 21. Specifically, in its prayer for relief, Harford asks that the Court:

> 1. Enter a judgment declaring the reasonable and fair market rate, on an hourly basis, that will apply to the work undertaken by counsel of the Defendants' choosing in connection with the defense of the two cases now pending in the Superior Court for the District of Columbia against the Defendants; and
>
> 2. For such other and further relief as this Court deems necessary and just.

*Id.* at 6. Harford asserts that this Court has jurisdiction based on the Declaratory Judgment Act and diversity of citizenship. *Id.* ¶¶ 2, 20-21. The parties agree that Harford's claim is governed by District of Columbia law. *See* ECF No. 15 at 8-9; ECF No. 17-1 at 10. The parties have filed motions for summary judgment on the merits of Harford's claim. ECF Nos. 15, 17.

On December 7, 2017, the Court held a status conference during which it questioned whether it could properly exercise jurisdiction over this action. The parties subsequently submitted supplemental briefing on that issue. *See* ECF Nos. 29, 30. Both parties agree that Harford has a duty to defend Defendants in the underlying Superior Court actions, and argue jurisdiction exists because there is an actual case or controversy regarding the amount of attorney's fees that Harford should pay. *See* ECF No. 29 at 5; ECF No. 30 at 9-10.

B.     **Defendants' Counterclaim for Attorney's Fees**

On October 13, 2017, Defendants answered Harford's Amended Complaint and filed a counterclaim for attorney's fees under District of Columbia law. ECF No. 14. Harford moved to dismiss the counterclaim on November 3. ECF No. 16. On November 17, Defendants filed an Amended Answer and Counterclaim, ECF No. 20 ("Am. Ans."), mooting Harford's initial motion to dismiss. The amended counterclaim generally asserts that Harford's conduct in the insurance dispute has been vexatious, oppressive, and in bad faith. *Id.* ¶¶ 75-76. The amended counterclaim further specifies that Harford has unreasonably refused to pay Defendants' legitimate attorney's fees, has unreasonably delayed making payments, and has made misstatements of fact and law that benefited Harford at Defendants' expense. *See id.* ¶¶ 77-87. Based on these allegations, Defendants request various forms of relief, including "litigation expenses and attorney's fees" incurred in this action. *See id.* at 11-12.

Harford filed a renewed motion to dismiss the first amended counterclaim on December 1. ECF No. 25. Defendants then filed a Second Amended Answer and Counterclaim, ECF No. 26, and a "notice" asserting that Harford's renewed motion was now moot, ECF No. 27. Harford moved to strike the Second Amended Answer and Counterclaim, asserting that it was improperly filed under Federal Rule of Civil Procedure 15 and did not moot Harford's renewed motion to dismiss. ECF No. 28. Defendants opposed the motion to strike, and in doing so also set forth

3

arguments opposing Harford's renewed motion to dismiss. ECF No. 31 ("Defs.' Opp'n"); *see also* ECF No. 32 (Harford's reply in support of its motion to strike).

## II. Legal Standard

### A. Subject Matter Jurisdiction

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, district courts must dismiss any claim over which they lack subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and may do so *sua sponte*, *see, e.g.*, *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam).

"[I]n order for a court to issue declaratory relief, it must first determine that there is a 'case or controversy' within the meaning of Article III of the United States Constitution and the Declaratory Judgment Act." *Gibson v. Liberty Mut. Grp., Inc.*, 778 F. Supp. 2d 75, 78 (D.D.C. 2011) (citing 28 U.S.C. § 2201(a)). The controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and admitting of "specific relief through a decree of a conclusive character." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). The jurisdictional inquiry "should concentrate on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Gibson*, 778 F. Supp. 2d at 78 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

"Even if the Court finds a case or controversy exists, it must still consider whether it is appropriate to exercise its discretion to grant declaratory relief in the instant case." *Id.* (citing 28 U.S.C. § 2201(a)). "Where declaratory relief would 'cause [the] case to be tried piecemeal, or

4

. . . only particular issues will be resolved without settling the entire controversy,' a court should not exercise its discretion in favor of granting it." *Id.* (quoting *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 79 (E.D. Va. 1991)). "There is no absolute right to a declaratory judgment in federal courts, and the factors relevant to a court's determination of the propriety of declaratory relief are numerous." *Glenn v. Fay*, 222 F. Supp. 3d 31, 35 (D.D.C. 2016). "In the D.C. Circuit, two criteria are ordinarily relied upon: 1) whether the judgment will serve a useful purpose in clarifying the legal relations at issue, or 2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 36. "Ultimately, the purpose of the Declaratory Judgment Act is to 'allow[] the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings.'" *Id.* (alteration in original) (quoting *Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 615 (E.D. Va. 2008)).

B. **Filing of Amended Pleadings**

Under Rule 15(a), a "party may amend its pleading once as a matter of course" within certain specified time limits. Fed. R. Civ. P. 15(a)(1). Further amendments must be made with the opposing party's consent or leave of the court, and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, "leave should be denied in cases involving 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Beach TV Properties, Inc. v. Solomon*, 254 F. Supp. 3d 118, 124 (D.D.C. 2017) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "However, to receive the benefit of this standard in this Circuit, one must file a motion for leave to amend a [pleading] accompanied by a copy of the proposed amended [pleading]." *Ofisi v. BNP Paribas, S.A.*, No. 15-cv-2010 (JDB),

2018 WL 396234, at *5 (D.D.C. Jan. 11, 2018) (citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012); L. Civ. R. 15.1). Courts may strike amended pleadings that are improperly filed—that is, where the amendment required, but did not have, either consent or leave of the court. *See, e.g.*, *Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 683 F. Supp. 2d 1, 6 (D.D.C. 2010).

### C. Rule 12(b)(6)

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.'" *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Id.* "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The same standards govern a motion to dismiss with respect to an opposing party's counterclaims." *Wharf, Inc. v. District of Columbia*, 232 F. Supp. 3d 9, 16 (D.D.C. 2017).

6

**III.    Analysis**

**A.    Subject Matter Jurisdiction**

Federal courts issue declaratory judgments in order to resolve substantial legal controversies. *MedImmune*, 549 U.S. at 127. They do so by "declar[ing] the rights and other legal relations" of interested parties. 28 U.S.C. § 2201(a). Thus, even where a legal controversy exists, a party may not "carve[] out" a particular "question" within that controversy and present it to the Court for adjudication via declaratory relief. *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998). Rather, the relief sought must "*completely* resolve[] a concrete controversy susceptible to conclusive judicial determination." *Id.* at 749 (emphasis added). If it does not, the declaratory-judgment action is not a "justiciable case" and must be dismissed. *Id.*

*Gibson v. Liberty Mutual Group, Inc.*, 778 F. Supp. 2d 75 (D.D.C. 2011), illustrates the application of these principles to an insurance dispute. In *Gibson*, two persons insured under a fire insurance policy sued their insurer. They brought one claim for breach of contract and two claims for declaratory relief, including "a judgment declaring that Plaintiffs are entitled to replacement costs once their value has been determined." *Id.* at 77. The court allowed the breach of contract claim to proceed. *See id.* at 80. However, it concluded that the declaratory-judgment claims were not "legal disputes between the parties," but instead were "purely factual ones regarding proper compliance with the policy, the method used to calculate losses, and the ultimate value of the losses." *Id.* at 79. Those factual questions, standing alone, did not constitute disputes "appropriate for declaratory relief." *Id.* For that reason, the Court granted the insurer's motion to dismiss the declaratory-judgment claims. *Id.* at 80.

Like the declaratory-judgment claims in *Gibson*, Harford's Amended Complaint asks the Court to decide only a narrow factual issue within a broader legal dispute. "[W]hat constitute reasonable attorney's fees in a particular case" is a "factual question." *Tenants of 710 Jefferson*

7

*St., NW v. D.C. Rental Hous. Comm'n*, 123 A.3d 170, 183-84 (D.C. 2015). Answering that question, and nothing more, would not conclusively resolve the "legal rights or obligations" of the parties. *Calderon*, 523 U.S. at 749. Indeed, the Amended Complaint does not put the legal claim at the heart of this case before the Court. Under District of Columbia law, a liability insurer is generally obligated to defend its insured against claims that fall within the coverage of the policy. *See, e.g.*, *Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 66-67 (D.C. 2002); *Am. Cont'l Ins. Co. v. Pooya*, 666 A.2d 1193, 1198 (D.C. 1995). While agreeing that Harford has such a duty to defend, the parties appear to disagree whether Harford has fully lived up to that duty. But Harford has not asked the Court to decide whether it has breached its duty to Defendants. Instead, Harford has carved out one factual issue—the amount of a reasonable attorney's fee—from that dispute. *See* Am. Compl. at 6. It is telling that neither party has identified any federal declaratory-judgment case where the only issue presented to the court was the amount of a reasonable attorney's fee. While Harford cites several cases in which courts have determined the amount of a reasonable fee, Harford concedes that they did so only "as a component of the broader duty to defend issue." ECF No. 30 at 6 n.3. Therefore, "the court concludes that it lacks subject matter jurisdiction to adjudicate [Harford's claim] because [it does] not present a 'substantial [legal] controversy . . . of sufficient immediacy and reality,' as required under the Declaratory Judgment Act and Article III of the Constitution." *C.F. Folks, Ltd. v. DC Jefferson Bldg., LLC*, No. 17-cv-1165 (TSC), 2018 WL 1583047, at *5 (D.D.C. Mar. 31, 2018).

Even if the narrow issue presented by Harford's Amended Complaint could be considered a legal dispute for which declaratory relief is appropriate, the Court would exercise its discretion to decline to hear the action in its current form. The discretion afforded by the

8

Declaratory Judgment Act should be used to avoid "the type of piecemeal litigation consistently rejected by federal courts." *Gibson*, 778 F. Supp. 2d at 80 (quoting *Newton*, 138 F.R.D. at 79). For example, in *Gibson*, the court noted that the issues underlying the declaratory-judgment claims were "really just components of a claim for breach of contract." *Id.* at 79. Therefore, the court explained, it would decline to hear those claims even if it could. The same is true here: the amount of a reasonable attorney's fee is just one component of a claim that Harford is in breach of its duty to defend. The Court would therefore decline to exercise jurisdiction over that piece of the parties' dispute in isolation.

For these reasons, the Court neither can nor should exercise jurisdiction over Harford's Amended Complaint. But that does not necessarily mean that Harford will be deprived of a federal forum for this dispute. This case may well involve a substantial legal controversy regarding whether Harford has breached its duty to defend. If Harford has in fact failed to pay Defendants' reasonable costs of defense in the underlying Superior Court lawsuits, then Defendants may be able to assert such a claim against Harford. And assuming that the threat of such a lawsuit is sufficiently real and immediate, Harford may ward it off by seeking a declaration that it is not in breach of its duty to defend. *See Glenn*, 222 F. Supp. 3d at 36.

The Court will give Harford a chance to rectify this deficiency, if it wishes, by amending its complaint to seek a more comprehensive form of relief. Harford must make any such amendments by May 28, 2018. If Harford seeks to make other, substantive amendments that are not necessary to cure the jurisdictional defects addressed in this Opinion, it must first seek leave of the Court. Because Harford's complaint is dismissed, the Court will also deny as moot the parties' pending motions for summary judgment. The parties may, of course, file renewed

motions for summary judgment if Harford files a second amended complaint over which this Court has jurisdiction.

### B. Motion to Strike Defendants' Second Amended Answer and Counterclaim

The Court now turns to Harford's motion to strike Defendants' Second Amended Answer and Counterclaim. It is clear that Defendants improperly filed that pleading without leave of the Court. Under Rule 15, a "party may amend its pleading *once* as a matter of course." Fed. R. Civ. P. 15(a)(1) (emphasis added). Defendants were within their rights to file their first Amended Answer and Counterclaim in response to Harford's initial motion to dismiss. But they may not avoid Harford's renewed motion to dismiss by filing successive amended pleadings without leave of the Court. *See Arora v. Buckhead Family Dentistry, Inc.*, 263 F. Supp. 3d 121, 125, 134 (D.D.C. 2017).

Defendants have now belatedly sought leave of the Court. *See* Defs.' Opp'n at 7-8. They argue that there has been no undue delay and that Harford will not be prejudiced if the Court allows the amendment. *See id.* But Defendants offer no explanation for whatever changes they have made. *See id.* Therefore, the Court cannot evaluate whether justice requires granting leave to file the proposed amended pleading, or whether doing so would be futile. *See N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC*, 887 F. Supp. 2d 78, 85-86 (D.D.C. 2012) ("The Court must identify how the amended complaint differs from the original before determining whether it should grant leave to amend."). The Court declines Defendants' invitation to retroactively bless their unauthorized filing, and will strike it. Thus, the first Amended Answer and Counterclaim (ECF No. 20) remains Defendants' operative pleading.

### C. Motion to Dismiss Defendants' Amended Counterclaim

Finally, the Court will dismiss Defendants' amended counterclaim for attorney's fees because it does not state a valid claim for relief. Defendants must request the attorney's fees they seek by motion, not by counterclaim.

The amended counterclaim does not assert a valid cause of action under District of Columbia law. Defendants argue that the "District of Columbia expressly recognizes a claim for Attorney's Fees and Costs." Am. Ans. ¶ 74. They rely on a statement in *Continental Insurance Co. v. Lynham*, 293 A.2d 481 (D.C. 1972), that "evidence as to the reasonableness or good faith of the insurer in refusing to pay is admissible in an action for attorney's fees based on vexatious refusal to pay." Am. Ans. ¶ 74 n.1 (quoting *Lynham*, 293 A.2d at 483); *see also* Defs.' Opp'n at 6. But Defendants' reliance on *Lynham* is misplaced. The District of Columbia Court of Appeals has since clarified that the quoted language from *Lynham* does not describe a cause of action, but only "deals with the propriety of the award of attorney's fees." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087-88 (D.C. 2008). Insurance disputes can potentially give rise to claims under recognized causes of action, such as fraud or breach of the implied covenant of good faith. *See id.* at 1087, 1089. But Defendants' pleading, on its face, does not assert any such claim. *See* Am. Ans. ¶¶ 73-87.

Rather, Defendants apparently seek to invoke the bad faith exception to the "American Rule" that parties generally bear their own attorney's fees, as is evidenced by the cases they cite in support of their claim. *See* Defs.' Opp'n at 6 (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)). This exception is a general principle of equity that allows one party to recover attorney's fees based on the opposing party's especially vexatious conduct. *E.g.*, *Jung v. Jung*, 844 A.2d 1099, 1107 (D.C. 2004); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

Such fees must be sought by motion. Under Federal Rule of Civil Procedure 54(d)(2), claims for attorney's fees "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). District of Columbia law, like federal law, awards fees under the bad faith exception by motion. *See Hundley v. Johnston*, 18 A.3d 802, 806 (D.C. 2011) ("A party may file a motion pursuant to Super. Ct. Civ. R. 54 alleging that it is entitled to a fee award based on the bad faith exception to the American Rule."); *see also Priority One Servs., Inc. v. W&T Travel Servs., LLC*, 987 F. Supp. 2d 1, 7 (D.D.C. 2013) (considering such fees on motion). Because the substantive law does not "require[]" such awards to be proved as damages, they "must" be sought by motion— not as a counterclaim. Fed. R. Civ. P. 54(d)(2)(A); *see also Sloan v. Urban Title Servs., Inc.*, 770 F. Supp. 2d 210, 215-16 (D.D.C. 2011) (characterizing fees under bad faith exception as sanctions, not damages).

In short, if Defendants believe they are entitled to attorney's fees under the bad faith exception, they may request them by motion at the appropriate time. Alternatively, Defendants may file a motion for leave to further amend their pleading to assert a valid cause of action. The amended counterclaim will be dismissed, without prejudice to either of those possibilities. The Court cautions, however, that unless Harford files a second amended complaint over which this Court has jurisdiction, Defendants must establish an independent basis for subject matter jurisdiction over any counterclaim. *See, e.g.*, *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 84 (D.D.C. 2010).

## IV. Conclusion and Order

For the reasons set forth above, Harford's Amended Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction, and the pending motions for summary judgment (ECF Nos. 15 and 17) are **DENIED AS MOOT**. Harford shall have until May 28, 2018, to file a

second amended complaint that remedies the deficiencies identified in Section III.A of this Opinion. Harford must seek leave of the Court if it wishes to make any substantive amendments other than those necessary to remedy the deficiencies that the Court has identified. The parties may refile their motions for summary judgment if Harford files a second amended complaint over which this Court has jurisdiction.

In addition, Harford's motion to strike (ECF No. 28) Defendants' second amended pleading is **GRANTED**. The Court **STRIKES** Defendants' Second Amended Answer and Counterclaim (ECF No. 26). Harford's motion to dismiss (ECF No. 25) Defendants' amended counterclaim is also **GRANTED**. The amended counterclaim is **DISMISSED**, without prejudice to Defendants' filing a motion for attorney's fees or seeking leave to amend. Finally, Harford's initial motion to dismiss (ECF No. 16) is **DENIED AS MOOT**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 27, 2018